## Zelinsky et ux., Appellants, *v.* Baltimore & Ohio Railroad.

Argued September 20, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Carroll Caruthers,* for appellants.—The burden was on defendant to overcome by direct or positive evidence the presumption that decedents had not done all the law required of them: Grimes v. R. R., 289 Pa. 320; Lunzer v. R. R., 296 Pa. 393; Kuhns v. Traction Co., 290 Pa. 303.

The decedents were not engaged in a common enterprise: Loughrey v. R. R., 284 Pa. 267; Davis v. Ice Co., 285 Pa. 177; Johnson v. Hetrick, 300 Pa. 225.

There was no testimony that any signal was given except three sharp toots of the whistle just at the time of the accident. The whistle post for the crossing at which the accident occurred was not more than one hundred twenty-five feet from it, and even if the whistle had been sounded at this point, it could not have been adequate warning of the approach of the train: Sharpless v. R. R., 286 Pa. 439, 444; Knepp v. R. R., 262 Pa. 421.

*H. E. Marker,* with him *Wm. S. Rial* and *John A. Walls,* for appellee.—Defendant was not negligent: Reading & Columbia R. R. v. Ritchie, 102 Pa. 425; Newhard v. R. R., 153 Pa. 417.

There cannot be any conclusion, except that these two occupants of the machine were guilty of contributory negligence: Holden v. R. R., 169 Pa. 1; Dryden v. R. R., 211 Pa. 620; Winner v. Mellon, 287 Pa. 288; Tull v. R. R., 292 Pa. 458; Azinger v. R. R., 262 Pa. 242; Martin v. R. R., 265 Pa. 282; Henderson v. R. R., 179 Fed. 577.

OPINION BY MR. JUSTICE SCHAFFER, November 24, 1930:

Plaintiffs' two minor sons were killed at a grade crossing in a collision between an automobile in which they were riding, driven by one of them, and defendant's passenger train. These actions to recover damages for their deaths resulted in compulsory nonsuits by the trial judge which the court in banc declined to remove, these appeals resulting. This opinion will dispose of both of them as the same controlling element, a failure to establish defendant's negligence, affects each.

The boys were driving along a public road which ran parallel with defendant's railroad and about twenty-five

feet therefrom. They were proceeding in the same direction as the oncoming train which killed them. Having reached a point where another public road intersected the one on which they were traveling, they turned at right angles into it and proceeded the distance to defendant's track, about twenty-five feet, and were there struck.

The negligence alleged was the failure to give warning of the approach of the train to the crossing by whistle or bell. The testimony did not establish this lack of warning.

The mother, who was in a house about three hundred feet from the scene of the accident, testified that she heard three whistles blown before the collision, but no others. She does not say where these warnings occurred with reference to the crossing. She did not hear any bell rung until after the collision. The father, who was at the same place as his wife, likewise said that he heard three whistles blown, but did not hear any sounded before them. He also failed to indicate where the whistles were sounded. William E. Franklin, who was in an automobile on the public road paralleling the railroad about thirty feet behind the one in which the two boys were and saw them turning into the intersecting road, and who said the next moment the accident took place, stated he observed the train immediately thereafter and noticed that the rear coach had stopped about one hundred and fifty feet beyond the crossing and further testified that he could not remember whether there was a bell rung or a whistle blown. Another witness, John Shambot, who was three or four hundred feet from the scene of the accident and did not see the automobile until after it was struck by the train, said that he did not hear any whistle or bell. He accounted for his failure to observe any signal by the fact that a freight train was passing. Still another witness, George Masselock, who was engaged in fixing a tire on his automobile about three hundred feet from the crossing and did not see the collision, said he heard three short "toots" of the whistle, but no

438

other signal. In a very indefinite way he fixed the whistling post for the crossing as located about ten feet below the station platform. He did not attempt to say where the three signals which he heard were given with reference to the whistling post; no definite testimony discloses how far it was located from the crossing. There was no evidence as to the speed of the train. This testimony utterly fails to establish any negligence on the part of the defendant and therefore the refusal to take off the nonsuits was proper.

The judgments are affirmed.